IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | | |
|---|---|---|
| SHAMARIAH YEHUDAH,<br><br>Plaintiff,<br><br>vs.<br><br>THE SCOTT-STOUGHTON ORG LLC,<br><br>Defendant. | ) | Civil Action No.:<br>2:25-CV-01712-WSH-CBB<br><br>Christopher B. Brown<br>United States Magistrate Judge<br><br>W. Scott Hardy<br>United States District Judge |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

## I. Recommendation

This civil action was initiated *in forma pauperis* ("IFP") by pro se Plaintiff Samariah Yehuda on November 3, 2025. ECF No. 1. For the reasons that follow, it is respectfully recommended that Yehuda's complaint be dismissed under 28 U.S.C. § 1915. It is specifically recommended that Yehuda's FHA claim be dismissed with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and her negligence and breach of contract claims be dismissed without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II. Report

### a. 28 U.S.C. § 1915 and Pro Se Pleadings

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed IFP, such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if: (i) the allegation of poverty is untrue; (ii) the action is frivolous or malicious; (iii) the complaint fails to state a claim upon which relief may be granted; or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The screening procedures set forth in section 1915(e) apply to all IFP complaints, "not simply those filed by prisoners." *Atamian v. Burns*, 236 Fed. Appx. 753, 755 (3d Cir. 2007) (unpublished) (citations omitted).

In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the pro se plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). In other words, the court must "accept as true all of the allegations in the complaint [or removal] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12. *See, e.g.*, *Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997).

**b. Plaintiff's Claims are Inadequately Pleaded and Lack a Sufficient Basis for this Court's Subject Matter Jurisdiction**

Yehuda's substantive allegations are as follows: Defendant, The Scott-Stoughton Org LLC, rented an apartment to her that had carbon monoxide leaks, bed bugs, rusty water and failed a HUD inspection. ECF No. 7 at ¶¶ 6, 8-9, 11, 13. Plaintiff claims Defendant employed sex offenders as maintenance workers and engaged in human trafficking. *Id*. at ¶¶ 10, 12. Plaintiff asserts her causes of action are "negligence," breach of contract and the "Federal Fair Housing Act." *Id*. at ¶¶ 15.3; 19. As a basis for jurisdiction, Yehuda claims that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Yehuda and Defendant The Scott-Stoughton Org LLC are "residents of different [c]ities and the amount in controversy is more than $75,000." *Id*. at ¶ 3. Yehuda alleges both she and Defendant The Scott-Stoughton Org LLC[1] are citizens of Pennsylvania. *Id*. at ¶¶ 1-2, 4.

The Court issued a deficiency Order on March 24, 2026 informing Yehuda that her complaint did not adequately set forth facts to support a Federal Fair Housing Act claim, did not adequately set forth a basis for this Court's subject matter jurisdiction, and provided her with the opportunity to amend her complaint to provide sufficient facts for her federal claim or an adequate basis for this Court's subject matter jurisdiction by May 5, 2026. ECF No. 10. As of this date, Yehuda has

[1] According to the Pennsylvania Department of State website, The Scott-Stoughton Organization, L.L.C. is an active limited liability company formed under the laws of Pennsylvania and has a principal address of 220 S MAIN ST, BUTLER, PA 16001-5987.

not submitted an amended complaint, nor has she taken any further action in this matter.

As such, she has not provided a specific basis for this Court's subject matter jurisdiction over this action. A federal court has subject matter jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. When a federal court has original jurisdiction under 28 U.S.C. § 1331, the court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 that are part of the same "case or controversy" as the claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). If there are no actionable federal claims, a federal court only has jurisdiction to decide state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332. A federal court has diversity jurisdiction to consider state law claims when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In other words, for this Court to exercise jurisdiction over a state law claim, there must be either diversity between the parties or supplemental jurisdiction in connection with a claim that involves a federal question.

The Fair Housing Act of 1968, 42 U.S.C. § 3601, *et seq*. ("FHA") is a federal law that makes it unlawful "to refuse to sell or rent . . . a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). A federal court has original jurisdiction over civil actions arising under federal law, like violations of the FHA. 28 U.S.C. § 1331. From the allegations of Yehuda's complaint, the Court can discern no facts that tend to show she was

injured by a discriminatory housing practice. Accordingly, to the extent Yehuda intends to assert a claim under the FHA, this claim must be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and 28 U.S.C. § 1915, as she was provided an opportunity to amend her complaint to add sufficient facts to support her claim and has failed to do so. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002).

Similarly, a federal court has diversity jurisdiction under 28 U.S.C. § 1332 for state-law based civil actions between citizens of different states, and not "cities" as Yehuda contends. *See* 28 U.S.C. § 1332(a)(1). A federal court does not have jurisdiction over allegations concerning violations of state law, like the negligence or breach of contract claims asserted by Yehuda, between citizens of the same state. *State Highway Comm'n of Wyoming v. Utah Constr. Co*., 278 U.S. 194, 200 (1929). Disputes between citizens of the same state based on state law are appropriately resolved in state court. *Fulkerson v. City of Lancaster*, 801 F. Supp. 1476, 1486 (E.D. Pa. 1992), *aff'd*, 993 F.2d 876 (3d Cir. 1993).

Without more, Yehuda's allegations with respect to her negligence and breach of contract claims do not confer jurisdiction upon this Court and these claims must be dismissed without prejudice for lack of subject matter jurisdiction. To be clear to Yehuda, a dismissal without prejudice for a lack of jurisdiction is not an adjudication of her claims on the merits and this recommendation reflects no view on whether her negligence or breach of contract claims have merit. *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022). If the Court dismisses

Yehuda's claims without prejudice, it does not prevent her from subsequently litigating her negligence or breach of contract claims in the proper forum. *Id.*

## III. Conclusion

Based on the foregoing, it is respectfully recommended that Yehuda's complaint be dismissed under 28 U.S.C. § 1915. It is specifically recommended that Yehuda's FHA claim be dismissed with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and her negligence and breach of contract claims be dismissed without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Yehuda is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and LCvR 72.D.2, Yehuda must file written objections, if any, by **September 10, 2026.** Yehuda is cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). *See also Equal Empl. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 24th day of August, 2026.

Respectfully submitted:

s/Christopher B. Brown
United States Magistrate Judge